<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GREGORY IFESINACHI EZEANI, | |
| Plaintiff, | Civil Action No. 2:22-cv-05165-BRM-JRA |
| v. | **OPINION** |
| N6094 JIMENEZ, *et al.* | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

    Before the Court is Plaintiff Gregory Ifesinachi Ezeani's ("Plaintiff") Complaint (ECF No. 1) and Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1-1). When a non-prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Stamos v. New Jersey*, Civ. A. No. 09-5828, 2010 WL 457727, at *2 n.3 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in forma pauperis* cases." (citations omitted)); *Roy v. Penn. Nat'l Ins. Co.*, Civ. A. No. 14–4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

    Having reviewed Plaintiff's IFP application, the Court finds leave to proceed IFP is warranted and the application is **GRANTED**. Therefore, the Court is required to screen Plaintiff's

Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed Plaintiff's filings and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Plaintiff's Complaint is **DISMISSED**.

**I.    BACKGROUND**

On August 17, 2022, Plaintiff filed his Complaint, alleging the DHS agents (1) unlawfully seized his international travelling documents at gunpoint and (2) unlawfully arrested him without explaining the arrest's basis. (ECF No. 1.) He also claims the DHS agents falsely charged and wrongfully imprisoned him. (ECF No. 1 at 4–5.) In addition to the Complaint, Plaintiff filed an IFP application (ECF No. 1-1 at 1–2), and a "Motion for Compensatory Damage on Intentional Violation of Constitutional Right by Act of Falsification of Immigration Document." (ECF No. 1-5).

The Court denied Plaintiff's IFP application on November 8, 2022, on the grounds that Plaintiff had named defendants who were immune from suit. (ECF No. 3.) Plaintiff appealed this decision on November 12, 2022 (ECF No. 5) and submitted a revised Notice of Appeal on December 5, 2022 (ECF No. 7).

On July 15, 2023, the United States Court of Appeals for the Third Circuit ("Third Circuit") affirmed this Court's decision in part and vacated this Court's decision in part. (ECF No. 14.) The Third Circuit affirmed this Court's decision to bar Plaintiff's claims against the DHS and ICE employees to the extent he sought monetary damages. (*Id.* at 3.) As to Plaintiff's claims for non-monetary injunctive relief against the DHS and ICE employees, namely, Plaintiff's demand for the return of his passports, the Third Circuit vacated this Court's decision and remanded the action for further proceedings. (*Id.* at 3–4.)

**II.    LEGAL STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828, 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to non-prisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*,

704 F.3d 239, 245 (3d Cir. 2013). All pleadings are likewise required to meet the pleading requirements of Federal Rule of Civil Procedure 8—requiring, as to complaints, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based").

### III. DECISION

In his Complaint, Plaintiff alleges his "international traveling documents [were] seized under gun duress which is unnecessary because it put the life of plaintiff at risk." (ECF No. 1 at 4.) He therefore seeks "the return of his international travelling passports . . . which [were] seized under gun duress which is 4th Amendment violation to seize the plaintiff property unlawfully without probable cause." (*Id.* at 5.)

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Third Circuit has stated that "[a] 'seizure' of property occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" *Duffy v. Kent Cnty. Levy Ct.*, 591 F. App'x 41, 45 (3d Cir. 2014). To determine whether a seizure has occurred, a court must balance "government and private interests." *Id.* (quoting *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 71 (1992)). The reasonableness of a seizure "depends on not only when a seizure is made, but also how it is carried out." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985). Courts engage in a "careful balancing of governmental and private interests" to determine the reasonableness of a seizure. *Soldal*, 506 U.S. at 71. The Fourth Amendment only prohibits seizures that are unreasonable.

*Mesadieu v. City of Linden*, Civ. A. No. 18-14561, 2019 WL 2514715, at *3 (D.N.J. June 18, 2019) (quoting *Helen v. North Carolina*, 135 S. Ct. 530, 536 (2014)).

Here, Plaintiff has not sufficiently alleged an unreasonable seizure in violation of the Fourth Amendment. The only substantive claim Plaintiff makes about the seizure of his passports is that it occurred "under gun duress." (ECF No. 1 at 4–5.) Although the manner of a seizure is relevant to determining its reasonableness, the mere fact that a seizure occurred at gunpoint does not establish it was unreasonable. Indeed, the Supreme Court has held that even the use of deadly force is not "unconstitutional on its face." *Tennessee*, 471 U.S. at 8. Rather, any use of force must be judged on the individual circumstances. *Id.* This requires a plaintiff to plead that the force was unreasonable given the circumstances. *Firemen v. Sgt. Michael Beach,* Civ. A. No. 15-5795, 2015 WL 8228579, at *2 (D.N.J. Dec. 7, 2015); *see also Heath v. Gloucester Twp.*, Civ. A. No. 1:20-02049, 2020 WL 7090743, at *6 (D.N.J. Dec. 4, 2020) (dismissing excessive force claim based on handcuffing because plaintiff did not state "the length of time she was handcuffed, whether she requested the cuffs be loosened or gave any sign that they were too tight or causing pain, or any other related facts"). Plaintiff does not allege the use of force was unreasonable in these circumstances; rather, he contends holding him at gunpoint while seizing his passports was *per se* unreasonable. (*See* ECF No. 1 at 4–5.) Such a blanket allegation cannot be sustained under a Section 1915 screening.

Beyond the issue of force, Plaintiff's Complaint is wholly conclusory—it merely states his passports were seized "unlawfully without probable cause." (ECF No. 1 at 5.) Plaintiff's mere recitation of Fourth Amendment law provides no information regarding why the seizure was unlawful or how probable cause was lacking. This is precisely the kind of conclusory pleading that cannot survive a Section 1915 screening. *Ashcroft*, 556 U.S. at 678; *see also Steele v. Schwartz*,

Civ. A. No. 23-9348, 2023 WL 5622985, at *3 (D.N.J. Aug. 31, 2023) ("Plaintiff['s] . . . brief and vague description of the events does not depict any of the circumstances leading to her pets being seized, so this Court cannot possibly infer that the seizure was unreasonable under the circumstances."). Therefore, it does not "provide the opponent with fair notice of a claim and the grounds on which that claim is based." *Kanter*, 489 F.3d at 177.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Plaintiff has thirty (30) days to file an amended complaint curing the deficiencies addressed herein. An appropriate Order follows.

Dated: November 16, 2023                    */s/ Brian R. Martinotti*
                                            **HON. BRIAN R. MARTINOTTI**
                                            **UNITED STATES DISTRICT JUDGE**