**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY IFESINACHI EZEANI,<br><br>            Plaintiff,<br><br>v.<br><br>N6094 JIMENEZ, *et al*.,<br><br>            Defendants. | Case No. 2:22-cv-05165 (BRM) (JRA)<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is the screening of *pro se* Plaintiff Gregory Ifesinachi Ezeani's ("Plaintiff") Amended Complaint (ECF No. 25-1). Because Plaintiff has previously been granted *in forma pauperis* status ("IFP") (ECF No. 18), the Court is required to screen Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed Plaintiff's filings and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Plaintiff's Amended Complaint is **DISMISSED**.

**I.     BACKGROUND**

On August 17, 2022, Plaintiff filed his Complaint and IFP application. (ECF No. 1.) On November 8, 2022, the Court dismissed the Complaint on the grounds that Plaintiff named defendants who were immune from suit. (ECF No. 3.) On November 12, 2022, Plaintiff appealed (ECF Nos. 5, 7), and on July 15, 2023, the Third Circuit affirmed this Court's decision in part and vacated this Court's decision in part. (ECF No. 14.) The Third Circuit affirmed this Court's decision to bar Plaintiff's claims against the DHS and ICE employees to the extent he sought monetary damages. (*Id.* at 3.) As to Plaintiff's claims for non-monetary injunctive relief against

the DHS and ICE employees, namely, Plaintiff's demand for the return of his passports, the Third Circuit vacated this Court's decision and remanded the action for further proceedings. (*Id.* at 3–4.)

On November 16, 2023, the Court granted Plaintiff's IFP application and screened the Complaint as to the non-monetary injunctive relief claims. (ECF No. 17.) The Court dismissed Plaintiff's Complaint and granted him leave to file, within thirty days, an amended complaint curing the deficiencies addressed in the opinion, and advised him that failure to do so would result in dismissal with prejudice. (ECF Nos. 17–18.) Having not received anything, the Court dismissed Plaintiff's Complaint with prejudice. (ECF No. 20.)

On January 4, 2024, Plaintiff filed a United States Post Office receipt indicating an unidentified delivery was made to 50 Walnut St., Newark, New Jersey, on December 12, 2023. (ECF No. 21). The filing was not accompanied by any letter or request. The Court did not receive any filing or delivery and therefore issued an Order requesting Plaintiff file a formal motion consistent with applicable federal and local rules. (ECF No. 22.)

On February 11, 2024, Plaintiff filed a document titled "Motion against Plaintiff Due Process right violation, and Motion to accept Plaintiff amended complaint in response to November 16th , 2023 Judge Order as timely filed," which was accompanied by an amended complaint. (ECF No. 25.) Plaintiff submits that the post office receipt indicates that he timely filed an amended complaint and that the Court's dismissal "violates due process right of the plaintiff." (ECF No. 25 at 2).

Due to Plaintiff's *pro se* status, the Court affords him leniency and accepts the Amended Complaint (ECF No. 25-1) as timely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that pursuant to Federal Rule of Civil Procedure 15(a)(2), a court has leniency in granting leave to amend when justice requires).

The facts alleged in the Amended Complaint are nearly identical to those alleged in Plaintiff's initial complaint. Plaintiff alleges the DHS agents (1) unlawfully seized "three Nigeria passport" at gunpoint and (2) falsely charged and wrongfully imprisoned him. (ECF No. 25-1 at 4.) Plaintiff contends he experienced "emotional pain and suffering for unlawful seizure of property that contain several Visas from Finland, Norway, Canada, united states and Germany which give the [Plaintiff] easy access to traveling around the world because of long history of international travel to different countries." (ECF No. 25-1 at 5.) In addition to his Amended Complaint, Plaintiff attached "Exhibits" consisting of the following: (1) a U.S. Immigration and Customs Enforcement Notice of Filing regarding Plaintiff's removal proceedings, (2) a Seized Property Receipt from Essex County Correctional Facility, (3) an Order of Release on Recognizance, (4) a Notice of Appeal to the Board of Immigration Appeals from a Decision of a DHS Officer, (5) a letter from the U.S. Department of Homeland Security stating that a Petition for Alien Relative was submitted to the Board of Immigration Appeals, and (6) a Form I-797C, Notice of Action. (*See id.* at 7–17.) Plaintiff seeks the return of his "three different international travelling passport attached in one set" as well as monetary damages. (*Id*. at 5.)[1]

## II.     LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds IFP. See 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828, 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to non-prisoners). When reviewing such actions, the PLRA

---

[1] The United States Court of Appeals for the Third Circuit affirmed this Court's decision to bar Plaintiff's claims against the DHS and ICE employees to the extent he sought monetary damages. (ECF No. 14.) As such, the Court limits its screening of Plaintiff's Amended Complaint to the claims for non-monetary injunctive relief.

instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding IFP, the applicable provisions of the PLRA apply to the screening of his Amended Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). All pleadings are likewise required to meet the pleading requirements of Federal Rule of Civil Procedure 8—requiring, as to complaints, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." *Kanter v.*

*Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based").

The Court liberally construes Plaintiff's Amended Complaint because he is proceeding *pro se*. *See Dluhos v. Strasberg*, 321 F.3d 365, 373 (3d Cir. 2003) ("[W]e must liberally construe the [*pro se*] litigant's pleadings, and we will apply the applicable law, irrespective of whether he has mentioned it by name."); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

### III. DECISION

In his Amended Complaint, Plaintiff alleges three Nigerian passports were seized under gun duress by DHS agents in violation of the Fourth Amendment. (ECF No. 25-1 at 4.) He therefore seeks "the return of his three different international travelling passport attached in one set which was seized under gun duress." (*Id*. at 5.) Plaintiff further alleges "criminal falsified material" was used during the arrest, relying on the attached exhibits to support his statement. (*Id*.)

Plaintiff's initial complaint was dismissed because he failed to sufficiently allege an unreasonable seizure in violation of the Fourth Amendment. (ECF No. 20.) Plaintiff was required to plead facts that demonstrate the unlawfulness or unreasonableness of the seizure. (*See* ECF No. 17.) Plaintiff's Amended Complaint contains the same conclusory allegations as his initial complaint, merely reiterating his factual allegations in a different form, as previously reviewed by the Court. Nothing in the Amended Complaint changes the Court's prior analysis of the facts alleged as it relates to his request for non-monetary relief. (*See id*.) Therefore, the Court's November 16, 2023, analysis and dismissal without prejudice of Plaintiff's claims is incorporated here by reference. (*See id*.)

As Plaintiff fails to provide any additional facts that would cure the deficiencies noted in the Court's November 16, 2023 Opinion, the Amended Complaint fails to state a claim upon which relief can be granted and is dismissed.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Pursuant to Federal Rule of Civil Procedure 15, the Court finds Plaintiff has not demonstrated an amendment is warranted because any attempt to amend would be futile.[2] An appropriate Order follows.

 

                                                          */s/ Brian R. Martinotti*  
                                                          **HON. BRIAN R. MARTINOTTI**  
                                                          UNITED STATES DISTRICT JUDGE

Dated:  July 19, 2024

---

[2] Plaintiff was given an opportunity to amend, but his Amended Complaint was nearly identical to the initial complaint. (*See* ECF Nos. 1, 25-1.) As such, any amendment would be futile as Plaintiff failed to overcome any of the deficiencies addressed by this Court in amending his initial complaint.